UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICK J. WASSMANN, JR.,

                            Plaintiff,

         v.                                1:11-cv-0676

COUNTY OF ULSTER, et al.,

                            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiff Patrick Wassman commenced the instant action against Defendants pursuant to 42 U.S.C. § 1983 claiming that his Eighth Amendment right to be free from cruel and unusual punishment was violated when he was assaulted by another inmate on July 13, 2010 while incarcerated at the Ulster County Jail. Plaintiff also asserts negligence claims. Presently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 and Plaintiff's cross-motion for leave to file an amended complaint.

## I.    FACTS

Plaintiff was arrested on January 2010. He was incarcerated in the Ulster County Jail until January 8, 2010. Plaintiff was again arrested on January 27, 2010 and incarcerated at the Ulster County Jail from January 27, 2010 through February 24, 2010. During these incarcerations, Plaintiff experienced no confrontations, fights, or problems of any kind with other inmates. Plaintiff was again arrested on March 10, 2010 and incarcerated at the Ulster County Jail from March 10, 2010 through June 4, 2010. During this period of incarceration,

Plaintiff was hit in the back of the head by another inmate, Cameron Woodson, while Plaintiff was on the telephone. Plaintiff did not report the incident to any of the officers or anyone else at the jail, but did tell his parents about it. Plaintiff did not receive any medical attention as a result of the incident. Plaintiff had no prior problems with Woodson.

On June 23, 2010, Plaintiff was against arrested and incarcerated from June 23, 2010 through August 31, 2010. On July 13, 2010, while Plaintiff was seated in the common area of the B-pod watching television, he was suddenly punched by Woodson. Plaintiff had not had any interaction with Woodson leading up to the July 13 assault. Plaintiff reported the incident to the corrections officers and was provided medical care.

Corrections Officer Michael Coughlin was employed as the Classification Officer at the Ulster County Sheriff's Department. His duties included making housing designations for inmates at the Ulster County Jail. Coughlin initially classified Woodson as "close custody" due, in part, to an outstanding warrant against him issued by the State of Pennsylvania. Coughlin then determined that Woodson's outstanding warrant did not involve violent conduct and, because Woodson had not been a discipline problem while at Ulster, changed classification to general population.

Plaintiff commenced the instant action seeking to hold Defendant liable for the injuries he sustained from Woodson. Presently before the Court is Defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56 and Plaintiff's cross-motion for leave to file an amended complaint.

## II.     STANDARD OF REVIEW

Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56. It is well settled that, on a motion for summary judgment, the Court must construe the evidence in the

light most favorable to the non-moving party, see Tenenbaum v. Williams, 193 F.3d 581, 593 (2d Cir. 1999), and may grant summary judgment only where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue is genuine if the relevant evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  A party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party believes demonstrate the absence of a genuine issue of material fact as to a dispositive issue.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the movant is able to establish a prima facie basis for summary judgment, the burden of production shifts to the party opposing summary judgment who must produce evidence establishing the existence of a factual dispute that a reasonable jury could resolve in his favor.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A party opposing a properly supported motion for summary judgment may not rest upon "mere allegations or denials" asserted in his pleadings, Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525-26 (2d Cir. 1994), or on conclusory allegations or unsubstantiated speculation.  Scotto v. Almenas, 143 F.3d 105, 114 (2d Cir. 1998).

With these standards in mind, the Court will address the pending motion.

## III. DISCUSSION

Plaintiff contends that Defendants violated his Eighth Amendment rights by failing to protect him from Woodson.  Specifically, Plaintiff argues that, had Defendants complied with certain New York State regulations and learned of Woodson's prior incarceration history, he would have been classified as "close supervision" under Ulster County's classification

system and, therefore, not permitted to come into contact with Plaintiff and others in the general population. Plaintiff claims that "defendants' systemic failure to investigate incoming inmates' histories of discipline and violence while in other NYS prisons and jails, as required by state regulations, constitutes a policy of deliberate indifference to the inevitable risk of substantial harm to which the inmates in general population are being exposed." Pl. Mem. of Law at 11.

"For a claim . . . based on a failure to prevent harm, the inmate must show that he [wa]s incarcerated under conditions posing a substantial risk of serious harm," and that Defendants acted with deliberate indifference. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Plaintiff must show "more than lack of due care, but rather . . . obduracy and wantonness in placing his health in danger." LaBounty v. Coughlin, 137 F.3d 68, 72 (2d Cir. 1998). Evidence that the defendant "should have been aware" of a danger is insufficient to establish an Eighth Amendment claim. Caiozzo v. Koreman, 518 F.3d 64, 71 (2d Cir. 2009) ("Most of the evidence offered by the plaintiff was in support or the argument that [the defendant] *should have* been aware that [plaintiff] was in immediate danger. . . . There is virtually no evidence, however, to support a conclusion by a reasonable juror that [the defendant] was actually aware of the immediate danger. . . . No reasonable juror could conclude that the Farmer test has been met.").

Under the deliberate indifference standard, Defendants must have known and disregarded an excessive risk to Plaintiff's safety. Although information concerning

- 4 -

Woodson's prior incarceration history may have been available to Defendants had they inquired into his behavior at other correctional facilities, it is undisputed that they did not check and, therefore, did not have actual knowledge of Woodson's history. Caiozzo, 518 F.3d at 71 (the plaintiff must demonstrate that the defendant "disregarded a risk of harm to the plaintiff of which the defendant was aware."); Cash v. County of Erie, 654 F.3d 324, 341 n.8 (In the context of proving prison conditions under the Eight Amendment, "deliberate indifference is a *subjective* standard requiring proof of actual knowledge of risk by the prison official."). Plaintiff does not identify any information of which Defendants were aware that reasonably would have caused them to believe that Woodson posed a danger to Plaintiff or others in the general population. Plaintiff similarly does not point to a series of incidents whereby the failure to inquire as to an incoming inmate's prior incarceration history resulted in assaults on other inmates. The Eighth Amendment did not impose upon Defendant a duty affirmatively to investigate inmate files for possible incidents of violence at the risk of being charged with deliberate indifference. See DiStiso v. Cook, — F.3d —, —, 2012 WL 3570755 at *19 (2d Cir. Aug. 21, 2012) (stating, in a race discrimination case pursuant to 42 U.S.C. § 1983 against a school that "imputed knowledge is insufficient as a matter of law to support a claim for deliberate indifference" and that there is no "decision by the Supreme Court or [the Second Circuit] [that] establishes a teacher's duty affirmatively to investigate student files for possible prior complaints of racial harassment at the risk of being charged with deliberate indifference."). Accordingly, Defendants were not aware of, and did not deliberately disregard, facts from which the inference could be drawn that Woodson presented a substantial risk of serious harm to the inmates in general population or that there otherwise was a substantial risk of serious harm to inmate safety. While Defendants' omissions may

be said to be negligent,[1] they do not raise to the level of deliberate indifference. At the very least, Defendants would be entitled to qualified immunity because it was not clearly established that the duty to prevent inmate-on-inmate assaults extended to conducting a check on state inmate records.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment seeking dismissal of the § 1983 claim is GRANTED. The Court declines to exercise supplemental jurisdiction over the state law claim. Plaintiff's cross motion for leave to amend is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: October 3, 2012

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] The Court makes no finding whether the allegations herein give rise to a valid negligence claim.